UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-22086-CIV-MORENO**

JUAN CARRASCAL and MARIA
CARRASCAL,

                Plaintiffs,

vs.

SCOTTSDALE INSURANCE CO.,

                Defendant.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This insurance coverage dispute stems from damage to the Plaintiffs' home from rock quarry blasting. The insurance policy contains an exclusion, which is at issue in the motion for summary judgment. The Plaintiffs claim the damage is covered by the policy because it was caused by land shock waves repeatedly hitting their home from the nearby blasting. Defendant asserts that an exclusionary provision applies to preclude coverage for damage from earth movement. Strictly construing the earth movement exclusion, the Court finds it appropriate to deny the motion for summary judgment.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment **(D.E. 35)**, filed on **October 22, 2020**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

## I.   Background

The parties dispute whether the damage to Plaintiffs' home is attributable to earth movement, which is excluded from coverage under the policy. Plaintiffs' expert engineer, Gerald Zadikoff, P.E. with G.M. Selby, Inc., opines that Plaintiffs' damages were caused by the house shaking and vibrating, and not earth movement. He asserts that the long duration of the shaking and the vibrations caused cyclic loading on the structure and fatigue of the building materials. The result of the vibrations, in his view, is the damage to the interior and exterior walls, windows, roof, the foundation/wall joints, walkway slab, etc.

At his deposition, Mr. Zadikoff opined that the cracks in the home were caused by small seismic waves over time. He states "the wave is in the air, hits your car drum.  That vibration causes a vibration to your brain. It is the same thing in the house. There is a wave, the Rayleigh vibration, it hits the house. In the house translation, like the brain, [the house] is damaged."

The policy at issue excludes damage caused from earth movement from coverage.  It defines earth movement as follows:

> **Exclusions**
> Paragraph 2. **Earth Movement**
>
> "Earth Movement" means:
> a.   Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
> b.   Landslide, mudslide, or mudflow;
> c.   Subsidence or sinkhole; or
> d.   Any other earth movement, including earth sinking, rising or shifting;
>
> caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues, and then will pay only for the ensuing loss.

Defendant's position is that because the land shock waves traveled through the earth, earth movement caused the damage to the Plaintiffs' home.  The question at summary judgment

is whether there is an issue of fact precluding summary judgment as to the cause of the damage or whether as a matter of law, the Court must find that the earth movement exclusion bars coverage.

## II.      Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's position.  A jury must be able reasonably to find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## III.      Legal Analysis

The Court must examine the application of the insurance policy's earth movement exclusion to the Plaintiffs' claim.  Viewing the facts in the light most favorable to the Plaintiff, the cause of the damage to the home was land shock waves repeatedly shaking the walls and other components of the home.  The question is whether the policy's earth movement provision is broad enough to exclude damage caused by the land shock waves.

In resolving this issue, it is notable that the policy is an "all risks policy" that provides coverage for all risks of loss unless specifically excluded. *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1089 (Fla. 2005). Under an "all-risks" policy, the insured must show loss during the

policy period, then the burden shifts to the insurer to show the cause of loss is excluded under the terms of the policy. *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. 2d DCA 1984). Therefore, it is Defendant's burden to show the exclusion applies.

The Court is also mindful that exclusionary clauses in insurance policies are strictly construed against the drafter. *Demshar v. AAACon Auto Transport., Inc.*, 337 So. 2d 963, 965 (Fla. 1976). Exclusionary clauses are construed more strictly than coverage clauses. *Wallach v. Rosenberg*, 527 So. 2d 1386, 1389 (Fla. 3d DCA 1988) (stating an insurer's burden is even heavier under an all-risk policy."). The Court must also give the insurance contract its plain meaning with any ambiguities construed against the insurer and in favor of coverage. *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007).

The language of this policy excludes damage caused by earth movement, which is defined as an earthquake, landslide, mudslide or mudflow, subsidence or sinkhole, or any other earth movement. Defendant's motion for summary judgment argues that land shock waves fall within the definition of earthquake or in the catchall provision of "any other earth movement . . . caused by or resulting from human or animal forces or any act of nature." The earthquake definition includes damage to property caused by land shock waves or tremors *before, during, or after a volcanic eruption.* There is nothing in this provision to exclude coverage for damage caused by land shock waves, unrelated to a volcanic eruption. Certainly, if Defendant wanted to exclude damages from blasting, it could have included a statement that "earth movement" means land shock waves after blasting. It did not do so and this Court is obligated to strictly construe this exclusionary clause under Florida law.

The second issue is whether the catchall provision excludes damage caused by land shock waves from human forces. To make this argument, Defendant relies on *Hernandez v. Citizen's*

*Prop. Ins. Corp.*, 306 So. 3d 137 (Fla. 3d DCA 2020), where the Third District Court of Appeal upheld a trial court's summary judgment order finding an earth movement provision excluded coverage. In *Hernandez,* however, the expert opined that the cracks in the slab stemmed from lack of soil support where the vibrations created voids in the slab. That is not the Plaintiffs' expert's testimony in this case, where he states the constant hitting of the home structure caused the damage. In *Hernandez*, the court found that the cause of the damage described by Hernandez's expert engineer fit at least two definitions of earth movement: "earth sinking, rising, or shifting" and "settling, cracking, or expansion of foundations."

Here, the Court does not find the expert's testimony as to the cause of the damage, land shock vibrations caused by blasting, squarely fits into the catchall provision of the policy. There is an issue of fact, at the very least, as to whether the land shock waves impacting the building caused the damage or if the land shock waves moved the earth under the Plaintiffs' home to cause the harm. During the trial in *Puente v. Tower Hill Signature Ins. Co.*, Case No. 18-22208-CA-22 (11th Jud. Cir. Mar. 14, 2019), Judge Hanzman said it best:

> My problem with your exclusion is it's not the movement of the soil that causes the harm. It's the wave that just happens to move the soil on its way, just like a bullet will happen to move your jacket on its way to your chest, but that doesn't mean the movement of your jacket caused the damage to your shoulder. The bullet caused the damage.

Giving the exclusionary provision a strict construction, as the Court must, the summary judgment motion is denied in this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th of August 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

5

Copies furnished to:
Counsel of Record